IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 4:19-cr-570 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| KEVIN RICHARD DEXTRAZE, | ) | |

This matter comes before the Court for consideration of a possible continuance of a jury trial, presently scheduled to begin on April 6, 2020, because of the pandemic associated with COVID-19, recommendations from the Centers for Disease Control and Prevention to minimize morbidity and mortality, and the social and economic impacts of the virus through decreasing social contacts and gatherings in public spaces where reasonably possible. Nevertheless, these concerns must be weighed and balanced against the Defendant's right to and the public's interest in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

The Court, at the outset, recognizes the important interest of the Defendant in a speedy trial and the public's interest in most circumstances in the reasonably prompt disposition of criminal proceedings. The present challenges associated with the rapid transmission of COVID- 19 across the globe and in most States, including South Carolina, present a set of unique circumstances that must be weighed against the Defendant's and the public's interest in a speedy trial. In particular, the Court must consider and weigh the following:

1. The parties have selected twelve jurors and two alternates in this case, which would necessarily require the jurors to sit in close proximity to each other inside the courtroom and jury room for protracted periods of time throughout the trial, which is estimated to take two or three days.

1

The Court is most concerned that placement of jurors in the confined space of the jury room would expose them to undue risk of transmission and subsequent community spread of the virus.

2. The parties have advised the Court that they seek to call a considerable number of witnesses. A trial at this time would require travel and gathering of these prospective witnesses from disparate locations to a single location. This would increase the risk of community spread, including possible transmission of COVID-19 to prison and detention facilities.

3. The gathering of jurors, witnesses, and counsel at the federal courthouse would potentially expose Court security personnel and other staff to COVID-19, undermining considerable community efforts to mitigate the spread of the virus.

As it seeks to mitigate the spread of COVID-19 at a time in which there is no vaccine or definitive treatment, the Court has the duty to thoughtfully and carefully weigh and balance the important interest of the Defendant in a speedy trial against the compelling public health crisis that presently confronts the community. *United States v. Keith,* 42 F.3d 234,237 (4th Cir. 1994). The Court must also weigh the public's interest, which in this case is decidedly against any public gatherings or intimate social contacts that can reasonably be delayed and/or avoided. Under these circumstances, the Court can imagine few circumstances more fraught with risk for transmission than the placement of fourteen citizens in the confined space of a jury room for protracted periods of time, in the midst of a pandemic.

After weighing and balancing these important factors set forth above, the Court finds that the ends of justice are served by a continuance, which outweighs the best interest of the public and the Defendant in a speedy trial.  The Court intends to reschedule the Defendant's trial as soon as the risk of transmission is sufficiently reduced, so that prospective jurors can be brought safely to the federal courthouse for jury selection and trial.[1]  A specific trial date cannot now be provided, but the Court intends to give the highest priority to the scheduling of this trial as soon as reasonably possible.

This Order is in accord with the Standing Order issued by Chief Judge R. Bryan Harwell on March 16, 2020, which suspends all jury trials until at least May 8, 2020.  *See in re: Court Operations in Response to COVID-19*, No. 3:20-mc-00105-RBH at ECF No. 1.  This case is hereby continued until the next term of Court and time excluded until a trial and/or jury selection are rescheduled.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 17, 2020
Spartanburg, South Carolina

---

[1] If feasible, the Court will retain the presently selected jury.  However, the Court recognizes that those jurors may have scheduling conflicts with the future trial date.  The Court defers decision on whether to select a jury until the trial is rescheduled.